ARTURO RAMOS JANEIRO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 895.—*Sometido:* Noviembre 6, 1933. *Resuelto:* Noviembre 29, 1933.

*C. Domínguez Rubio,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del del tribunal.

El registrador de la propiedad inscribió una escritura de compraventa, pero se negó a inscribir una hipoteca para garantizar el pago de una parte del precio de la venta. La teoría de esta negativa fué que, si bien las partes habían tenido la intención y trataron de constituir una hipoteca, ellas no habían realizado ese propósito en términos expresos.

De acuerdo con los términos de la primera cláusula de la escritura de compraventa, el vendedor dejó en poder del comprador el saldo insoluto de la venta como un préstamo hipotecario que habría de constituirse más tarde en el mismo documento. El instrumento mismo se intitula "compraventa e hipoteca". La parte pertinente de la segunda cláusula, y la tercera, leen así:

"_____HIPOTECA_____

"Los esposos compradores, o sea don Francisco Porrata Doria y doña Josefina Sabater y Rivera, proceden a establecer un PRÉSTAMO HIPOTECARIO, a favor de don Arturo Ramos Janeiro, de conformidad con las CLÁUSULAS siguientes: Primera:—Don Francisco Porrata Doria y su esposa doña Josefina Sabater y Rivera, por la presente declaran estar adeudando a don Arturo Ramos Janeiro la suma de SETECIENTOS SETENTA Y CINCO DÓLARES, moneda americana corriente que se comprometen a devolvérsela dentro del término de un año a contar de la fecha de esta escritura y a vencer por tanto el veinticinco de noviembre de mil novecientos treintidós, con el interés del doce por ciento anual (12%) sobre la referida suma, obligándose los deudores hipotecarios a pagar mensualmente dicho interés, quedando por tanto la finca afecta a dicha hipoteca en la forma en que aparece reseñada la urbana de méritos precedentemente.

"TERCERA:—Los deudores hipotecarios pueden satisfacer la hipoteca referida en plazos parciales dentro del término del contrato y

en cualquier momento en su totalidad, obligándose a pagar de su cuenta todos los gastos de esta escritura, su copia, sellos de Rentas Internas y la inscripción de la misma en el Registro de la Propiedad, como también se obligan además a pagar las costas, gastos, desembolsos y honorarios de abogado en caso de reclamación judicial asignándose para tales gastos y costas y honorarios una suma de CIENTO CINCUENTA DÓLARES en caso de contienda.

"Ambas partes renuncian expresamente el derecho de '*Homestead*' (Hogar Seguro) para cualquier reclamación que pudiera surgir con motivo de la venta e hipoteca arriba relacionada y señalan como valor de dicha finca urbana descrita anteriormente a los efectos del Préstamo Hipotecario la misma cantidad de UN MIL SETENTA Y CINCO DÓLARES que fué el precio de la compraventa.

"Las partes aceptan y ratifican la presente escritura en todos sus extremos por estar redactada de acuerdo con sus instrucciones."

El extracto que antecede no deja lugar a dudas de que las partes no sólo tuvieron la intención de constituir una hipoteca sino que entendieron que la habían constituído. Debe darse efecto a esa intención inequívoca y a ese entendido mutuo.

Un préstamo hipotecario, según lo define la Enciclopedia Jurídica Española en la página 552 de su tomo XXV, es "toda entrega de dinero cuya obligación de devolverlo se garantiza con hipoteca sobre inmuebles o derechos reales." Un préstamo sin una hipoteca que garantice su pago, no es hipotecario. Cuando las partes, quienes habían convenido expresamente en constituir un préstamo hipotecario, procedieron "a establecer un préstamo hipotecario . . . . de conformidad con las cláusulas siguientes," y entonces hicieron constar en la cláusula posterior inmediata, luego de un reconocimiento de deuda y una promesa de pago, que la finca quedaba por tanto afecta a dicha hipoteca, lograron, a nuestro juicio, su propósito de constituir tanto una hipoteca como un préstamo.

*Debe revocarse la nota recurrida y devolverse el caso con instrucciones de que se inscriba la hipoteca.*